UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
          :
C.M.,          :
*individually and on behalf of her child J.M., a*   :
*minor*,          :
          :    21-CV-5799 (VSB) (BM)
        Plaintiff,  :
          :    **OPINION & ORDER**
   - against -  :
          :
          :
NEW YORK CITY DEPARTMENT OF  :
EDUCATION,         :
          :
        Defendant.  :
          :
------------------------------------------------------------X

Appearances:

Benjamin Kopp
Erin Elizabeth Murray
Britton Howard Bouchard
Cuddy Law Firm
Auburn, NY
*Counsel for Plaintiff*

Martha Nimmer
Martin John Bowe, Jr.
Thomas Lindeman
New York City Law Department
New York, NY
*Counsel for Defendant*

VERNON S. BRODERICK, United States District Judge:

       C.M. ("Plaintiff"), on behalf of herself and her minor child J.M., filed this action against the New York City Department of Education ("Defendant" or "DOE") seeking attorneys' fees and costs related to an administrative hearing conducted pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1415(i)(3). Before me is the Report and

Recommendation of Magistrate Judge Barbara Moses, (Doc. 52, the "Report"), which addresses Plaintiff's motion for a fee award, (Doc. 20,), and motion to strike certain of Defendants' submissions, (Doc. 41). Because I find Plaintiff's objections essentially relitigate arguments that Magistrate Judge Moses considered and rejected, and I find no clear error in the Report, I ADOPT Judge Moses's thorough, detailed, and well-reasoned Report in its entirety.

I. **Procedural History**

The Report was filed on August 22, 2022. (Doc. 52.) The Report recommends an award to Plaintiff of $25,506.26 in attorneys' fees and $402 in costs, for a total of $25,908.26. (Doc. 52 at 28.)[1] No party has objected to the Report's recitation of the facts and procedural history of this case, which I fully adopt and incorporate into this Opinion & Order. *See Clark v. N.Y.C. Hous. Auth.*, No. 20-CV-251, 2022 WL 17974899, at *2 (S.D.N.Y. Dec. 28, 2022), *aff'd*, No. 22-3233, 2023 WL 8071800 (2d Cir. Nov. 21, 2023) (adopting the facts and procedural history—to which no party objected—of Magistrate Judge's Report and Recommendation).

Plaintiff timely submitted objections to the Report on September 9, 2022. (Doc. 54.) On September 22, 2022, Defendant responded, requesting that I adopt the Report in its entirety. (Doc. 55). At Defendant's request, I subsequently stayed the action pending the resolution on appeal to the Second Circuit of a similar case. (Doc. 58.) After the Court of Appeals issued that decision, I lifted the stay and ordered the parties to address the case in supplemental briefing. (Doc. 62.) Plaintiff, (Doc. 65), and Defendant, (Doc. 66), then submitted supplemental briefs on September 19, 2023 and October 19, 2023, respectively. Defendants also submitted a letter notifying me of a decision from Judge Cronan in a separate fee dispute involving Plaintiff's

---

[1] The Report denied Plaintiff's motion to strike, and neither party has objected to this ruling. I find no clear error in the Report's decision or underlying reasoning related to the denial of the motion to strike.

2

counsel.[2] (Doc. 68.) The parties then disputed the applicability of Judge Cronan's decision to this case in various letter submissions. (Doc. 69–73.) Finally, Plaintiff's counsel submitted a form letter advising me of a case management order in a pending consolidated appeal ("*Y.G.*") involving Defendant and Plaintiff's counsel. (Doc. 74.) *See Y.G. v. N.Y.C. Dep't of Educ.*, Nos. 22-1184 et al. (2d Cir. Oct. 6, 2023), ECF No. 58 (order). The order provides that the Court of Appeals may, in its discretion, remand any "fee dispute appeal[] taken by either party" before the Circuit issues its decision in *Y.G.* (Doc. 74-1 at 8.) The parties have submitted a joint letter advising me of their positions concerning whether I should stay resolution of this case pending *Y.G.* (Doc. 76.) I have taken these submissions into consideration in issuing this Opinion & Order.

Plaintiff maintains the same objections to the Report that it raised before the stay. (*See* Doc. 65.) Defendant's supplemental brief—which incorporates its filings in opposition to Plaintiff's fee application and its filings in response to Plaintiff's objections to the Report— requests the same relief in its original opposition, reiterating many of the same arguments, and does not object to the Report. (Doc. 66 at 2; *see also* Doc. 35 (original opposition), Doc. 55 (response to Plaintiff's objections).) Because Defendants have not objected to Judge Moses's Report, I consider only Plaintiff's objections here, *see Leibovitz v. City of New York*, No. 14-CV-3297, 2016 WL 1189526, at *1–2 (S.D.N.Y. Mar. 21, 2016), along with the supplemental material the parties have submitted.

## II. **Applicable Law**

Parties may raise specific, written objections to a magistrate judge's report and recommendation within 14 days of being served with a copy of the report. *Id.*; *see also* Fed. R.

---

[2] *Y.S. v. N.Y.C. Dep't of Educ.*, 21-CV-5878 (S.D.N.Y., December 6, 2023).

Civ. P. 72(b)(2).  When a party submits a timely objection, a district court reviews de novo the parts of the report and recommendation to which the party objected.  28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3).  Pursuant to the standard often articulated by the district courts of this Circuit, "[i]f a party .. . simply relitigates his original arguments, the Court reviews the Report and Recommendation only for clear error."  *Antrobus v. N.Y.C. Dep't of Sanitation*, No. 11-CV-5434, 2016 WL 5390120, at * 1 (E.D.N.Y. Sept. 26, 2016) (internal quotation marks omitted.  After its review, the district court may then "accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."  Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1).

When a plaintiff prevails in an administrative hearing conducted pursuant to IDEA, 20 U.S.C. § 1415(i)(3) authorizes the plaintiff to bring an action in federal court to recover attorneys' fees and costs.  The statute provides that "the reasonable fees awarded 'shall be based on rates prevailing in the community in which the action or proceeding arose for the kind and quality of services furnished.'"  *H.C. v. N.Y.C. Dep't of Educ.*, 71 F.4th 120, 126 (2d Cir. 2023) (quoting 20 U.S.C. § 1415(i)(3)(C)).  The court reviewing the fee application must apply the "lodestar method" by "multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate."  *Id*. (alteration adopted) (quoting *G.M. ex rel. R.F. v. New Britain Bd. of Educ.*, 173 F.3d 77, 84 (2d Cir. 1999)).  In determining the number of "reasonable" hours, the "court may exclude hours that are excessive, redundant, or otherwise unnecessary," and may "trim fat" as it deems appropriate.  *Id*.  (internal citations omitted).  In determining the rate that is "reasonable," the court must consider "all pertinent factors" in arriving at a number that is "the rate a paying client would be willing to pay."  *Id*. (citations omitted).[3]  Finally, no fees or costs

---

[3] The factors that are pertinent "include:  the time and labor required; the novelty and difficulty of the questions; the skill requisite to perform the legal service properly; the preclusion of other employment by the attorney due to

4

may be reimbursed for legal work performed after the defendant made a written offer of settlement that is greater than the relief the plaintiff ultimately obtains. *See* 20 U.S.C. § 1415(i)(3)(D)(i).

### III. Discussion

Finding no clear error in the Report, I ADOPT Judge Moses's thorough, detailed, and well-reasoned Report in its entirety. Plaintiff's fourteen objections essentially relitigate arguments that Judge Moses considered and rejected in the Report. *See, e.g.*, *Shamrock Power Sales, LLC v. Scherer*, No. 12-CV-8959, 2016 WL 6102370, at *8 (S.D.N.Y. Oct. 18, 2016) (citing *Vega v. Artuz*, No. 97-CV-3775, 2002 WL 31174466, at *2 (S.D.N.Y. Sept. 30, 2002); *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008)) ("[D]istrict courts may choose not to entertain a party's objections if they merely rehash arguments made in the original briefing to the magistrate."). I briefly explain my reasoning for adopting the Report below.

The Report did not err in calculating the reasonable attorneys' fees due to Plaintiff. With respect to the hourly rate component of the lodestar, the Report thoroughly engaged with caselaw in this District involving the same Plaintiff's counsel and the same Defendant, and it did not err in analyzing where this Plaintiff's case fell within that precedent. (*See* Report at 12 n.3 (collecting cases), 12–20.) Neither did the Report err in applying the relevant *Johnson* factors to arrive at a reasonable rate. The Report did the same thing in calculating the reasonable hours and costs, (*id*. at 20–24), including—in line with many cases of this District—applying a 50% across-the-board reduction in the hours worked on the federal case, (*id*. at 24–28).

---

acceptance of the case; the customary fee; whether the fee is fixed or contingent; time limits imposed by the client or the circumstances; the amount involved and the results obtained; the experience, reputation, and skill of the attorneys; whether the case is undesirable and may not be pleasantly received by the community or the attorney's contemporaries; the nature and length of the professional relationship with the client; and awards in similar cases." *Id,* at 126 n.2 (quoting *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974)) (cleaned up).

None of Plaintiff's objections succeed. Plaintiff first argues that the Report should not have reduced its requested fees at all because Defendant "unreasonably protracted" the resolution of the case. 20 U.S.C. § 1415(i)(3)(G). This objection advances an interpretation of § 1415 that the Second Circuit has now rejected. *H.C. v. N.Y.C. Dep't of Educ.*, 71 F.4th at 128. Even if Defendant had unreasonably protracted the proceedings here—and Plaintiff has not formally objected to the Report's finding that Defendant did not—the statute "would not prohibit [the] court from reducing the fees requested." *Id*.

Plaintiff's other objections are simply regurgitations of arguments that the Report addressed. For instance, Plaintiff submitted a volume of documents it obtained from Freedom of Information Law ("FOIL") requests, and objects because the Report did not consider them. (Doc. 35 at 3–4.) The Report, however, cited several of district court decisions in this Circuit explaining that "FOIL requests . . . lack sufficient context to provide an adequate basis for the Court to make a finding about the proper hourly rate for the attorneys who litigated [the plaintiff]'s case." (Report at 9 (quoting *S.J. v. N.Y.C. Dep't of Educ.*, No. 20-CV-1922, 2021 WL 100501, at *3 (S.D.N.Y. Jan. 12, 2021)).) Additionally, many of Plaintiff's objections echo the notion that the Report should not have awarded "rates other than those approved in *Y.G.* [*v. N.Y.C. Dep't of Educ.*, No. 21-CV-641, 2022 WL 1046465 (S.D.N.Y. Apr. 7, 2022).]" (Doc. 35 at 6.) As the Report thoroughly explained, that case represented an outlier in this District among many cases involving the same Plaintiff's counsel and administrative proceedings of varying complexities. (Report at 12–17.)

I decline to recite the remainder of Plaintiff's objections, as the Report discusses each of them and cites ample precedent in explaining why the underlying arguments fail. *See Shamrock Power*, 2016 WL 6102370, at *8. The reasoning of the Report is not, as Plaintiff asserts, "a

direct affront to fee-shifting statutes," (Doc. 35 at 9), but instead is a faithful application of binding precedent in IDEA attorneys' fee cases. I have carefully reviewed the Report for clear error and found none, and thus ADOPT the Report in its entirety.

It is hereby **ORDERED, ADJUDGED, and DECREED** that Plaintiff's motion for summary judgment is GRANTED IN PART, and that judgment be awarded to plaintiff in the amount of $25,908.26, consisting of $17,077.75 for legal fees incurred in the underlying administrative proceeding, $8,428.51 for fees incurred in this civil action, and $402 in costs.

The Clerk of Court is respectfully directed to terminate the pending motions at Documents 20 and 41 and to close the case.

SO ORDERED.

Dated: September 5, 2024
          New York, New York

Vernon S. Broderick
United States District Judge